UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 2:16-CV-0174 |
| JAMES WILDER, | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| ATWORK PERSONNEL, | ) ) | |
| Garnishee. | ) ) | |

**REPORT AND RECOMMENDATION**

This matter is before the United States Magistrate Judge under the standing orders of the Court and 28 U.S.C. § 636 for a report and recommendation. The United States has filed a Motion for Order of Continuing Garnishment [Doc. 37] requesting the Court enter an Order that requires the Garnishee, AtWork Personnel, or its successsors or assigns, to pay to the United States Attorney's Office the non-exempt disposable earnings of Defendant, James Wilder, pursuant to 15 U.S.C. § 1673(a), for purposes of satisfaction of the Default Judgment [Doc. 9]. The motion was served upon Defendant via U.S. Mail on June 27, 2018 [Doc. 37, p. 3]. The United States tendered a proposed Order of Continuing Garnishment [Doc. 37-1]. The Defendant has not filed a response.

On October 25, 2016, the District Court entered a Default Judgment against Defendant [Doc. 9] in the sum of $10,303.00 plus interest accruing thereon from February 26, 2016, to the date of judgment, plus post-judgment interest on the amount accruing at the legal rate from the date of judgment until paid in full, together with costs. On April 26, 2018, the United States filed an Application for Writ of Continuing Garnishment [Doc. 30]. A Writ of Continuing Garnishment

[Doc. 31] was issued on April 27, 2018 [Doc. 37]. Both Defendant and the Garnishee were served with the Writ on May 4, 2018 [Docs. 32 & 33]. The Writ notified Defendant of his right to object and request a hearing. Defendant did not object, assert an exemption, or request a hearing within the time period identified in the Writ and accompanying Notice. The Garnishee filed an Affidavit and Answer in response to the Writ on June 7, 2018, advising Defendant is an employee of Garnishee who earns disposaible net wages [Doc. 36].[1] The Government subsequently filed the pending motion.

In light of the entry of the Default Judgment, the Defendant's lack of response or objection to the Writ and the pending Motion, and the Garnishee's Affidavit and Answer to the Writ, the Court finds the entry of an Order for Continuing Garnishment is appropriate. Accordingly, this Court RECOMMENDS that the United States' Motion for Order of Continuing Garnishment [Doc. 37] be GRANTED and the tendered Order of Continuing Garnishment [Doc. 37-1] be entered by the District Court.[2]

Respectfully Submitted,

s/Clifton L. Corker
United States Magistrate Judge

---

[1] The Garnishee first mailed an Affidavit and Answer in early May 2018 which only consisted of the first page of the answer form [Doc. 34]. A complete Affidavit and Answer dated May 14, 2018, was then submitted [Doc. 35]. The final Affidavit and Answer, dated June 5, 2018, was filed on June 7, 2018 [Doc. 36], and it amends the Defendant's net pay calculation.

[2] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).